UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AT&T CORP., : | |
| : | CIVIL ACTION NO. **4:CV-05-0424** |
| Plaintiff, : | |
| v. : | (Magistrate Judge Blewitt) |
| CPB INTERNATIONAL INC., et al., : | |
| Defendants : | |

**MEMORANDUM AND ORDER**

**I. Background**

This breach of contract and unjust enrichment action was commenced on February 28, 2005, by Plaintiff AT&T Corp., ("AT&T") against Defendants CPB International, Inc. ("CPB") and John Does (1-10). (Doc. 1). The Plaintiff invoked the diversity jurisdiction of the court. 28 U.S.C. §1332. (Doc. 1, p. 2, ¶ 5.). The parties consented to proceed before a Magistrate Judge 28 U.S.C. §636(c)(1), and the District Court entered an Order reassigning this case to Magistrate Judge Mannion. (Doc. 13). However, Magistrate Judge Mannion recused himself, and this matter was reassigned to the undersigned for pre-trial and trial purposes. (Doc. 14). The Defendants have been served with the Complaint on or about May 6, 2005.[1] In response to the Complaint, on May 25, 2005, Defendant CPB filed a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12 (e). **(Doc. 6).** The Defendant filed its support brief on June 9, 2005. (Doc. 8). The Plaintiff

---

[1] While both counsel agree that the Complaint and Summons were served on or about May 6, 2005, the docket does not reflect a return of service on the Defendants. We shall direct the Plaintiff's counsel to file a return of service within 10 days.

filed its opposition brief on June 27, 2005.  (Doc. 9).

Presently before the Court is Defendant CPB's Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).  **(Doc. 6)**.  The Motion is ripe for disposition.

## II.  Allegations Giving Rise to the Complaint

The Complaint contains four counts.  Count One is for Breach of Contract, Count Two is for "Book Account," Count Three is for Promissory Estoppel, and Count Four is for Quantum Merit and Unjust Enrichment. (Doc. 1, pp. 2-5).

The following factual allegations are extracted from the Complaint:

1.  AT&T sues Defendants for unpaid charges for telecommunications services provided by AT&T to Defendants, pursuant to express and/or implied Agreements between AT&T and Defendants (the "Agreements").

. . . . . . .

8.  At all times relevant to this action and pursuant to the Agreements, Defendants agreed to pay AT&T for telecommunications services provided by AT&T.  The Agreements make Defendants responsible for the payment of all invoices for telecommunications services rendered to Defendants as well as all other associated charges.

9.  AT&T provided Defendants with telecommunications services, which were used by Defendants.

10.  On or about March 1, 2003 and April 1, 2003 AT&T billed Defendants $90,140.01 (the "Amount") in accordance with the applicable rates and charges set forth in the Agreements for telecommunications services provided from on or about February 2003 through April 2003 relative to account number 058-050-6907-001.

11.  Defendants were obligated to pay AT&T for telecommunications services rendered to Defendants, from AT&T, as well as other applicable charges.

12.  Defendants have failed and refused to pay the Amount owed to AT&T. The amount remains due and owing from Defendants.

(Doc. 1, ¶s' 1., 8.-12.).

Essentially, Plaintiff alleges that it had Agreements with the Defendants to provide them with telecommunications services from February 2003 to April 2003 on an account and that it was never paid for the services.

### III. Motion for More Definite Statement Standard

As mentioned, Defendant CPB filed a Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The Defendant is seeking to compel the Plaintiff to cure alleged pleading defects by filing a more definite statement or an amended complaint which includes a complete copy of the contract that Plaintiff claims was breached. The defects identified by the Defendant are that the complaint fails to identify any facts in support of the alleged contract obligations between the Plaintiff and Defendants. The Plaintiff states that, to the extent Defendant seeks the Plaintiff to provide Defendant with additional information, including a complete copy of the contract containing the essential terms that the parties agreed upon, Plaintiff will do so in its Rule 26(a) initial disclosures at the appropriate time. (Doc. 9, p. 4).

The parties agree upon the applicable standard with respect to Defendant CPB's pending Motion. (Doc. 8, p. 3 & Doc. 9, p. 2).

Rule 12(e) of the Federal Rules of Civil Procedure states in part that:

> If a pleading to which a responsive pleading
> is permitted is so vague or ambiguous that a
> party cannot reasonably be required to frame
> a responsive pleading, the party may move for
> a more definite statement before interposing
> a responsive pleading. The motion shall point
> out the defects complained of and the details
> desired.

**IV.  Discussion**

As this is a case based upon diversity jurisdiction of this Court, 28 U.S.C. § 1332, we apply Pennsylvania law.  *See Moore v. Kulicke & Soffa Industries, Inc.*, 318 F.3d 561, 563 (3d Cir. 2003). We agree with Plaintiff that it has sufficiently plead a breach of contract claim and that the alleged Agreements at issue are contracts and as such, are governed by contract law.  (Doc. 9, p. 4). "[C]ontract law protects the expectation interests of contracting parties based on a voluntary agreement that defines their relationship.  Protection is limited to those individuals specifically named in the contract, and enforcement is based on the manifestation of the intent between the parties." *Hahn v. Atlantic Richfield Co.*, 625 F.2d 1095, 1104 (3d Cir. 1980).

"In order to plead a proper claim for breach of contract under Pennsylvania law, a plaintiff must allege: (1) the existence of a valid and binding contract to which he and the defendants were parties; (2) the contract's terms; (3) that he completed the contract's terms; (4) that the defendants breached a duty imposed by the contract; and (5) damages resulting from the breach." *Gundlach v. Reinsrien*, 924 F.Supp. 684, 688 (E.D. Pa. 1996).   We agree with Plaintiff that its pleading meets the stated elements required for a breach of contract action under Pennsylvania law. (Doc. 9, p. 4).

In *County of Dauphin, Pennsylvania, v. Fidelity and Deposit Company of Maryland*, 770 F. Supp. 248, 251 (M.D. Pa. 1991), this Court stated:

> Under Pennsylvania law, the interpretation of a contract requires an
> initial determination by the court of whether the contract language is
> ambiguous, or is clear and unambiguous.  *Polish Amer. Machinery Corp.
> v. R.D. & D. Corp.,* 760 F.2d 507, 512 (3d Cir. 1985).  If the language
> is ambiguous, the court must turn the interpretation of the contract over
> to the jury.  If the language is clear, however, the court must interpret
> the agreement.  *Id*.  Contractual language is ambiguous when it is
> "reasonably susceptible of different construction, is obscure in meaning

> through indefiniteness of expression or has a double meaning." *Commonwealth, Dept. Of Trans. v. Mosites Constr. Co.*, 90 Pa.Commw. 33, 36, 494 A.2d 41, 43 (1985).  A contract is not ambiguous by the mere fact that the parties disagree on the proper interpretation to be given the language. *Commonwealth State Highway & Br. Authority v. E.J. Albrecht Co.*, 59 Pa. Commw. 246, 251, 430 A.2d 328, 330 (1981).
>
> We are mindful of the fact that Pennsylvania courts apply the "plain meaning" rule of interpretation of contracts, an approach to contract interpretation that assumes that "the intent of the parties to a written contract is . . . embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement." *Steuart v. McChesney*, 498 Pa. 45, 48-49, 444 A.2d 659 (1982).  This approach is found to "enhance the extent to which contracts may be relied upon by contributing to the security of belief that the final expression of *consensus ad idem* will not later be construed to import a meaning other than that clearly expressed." *Id.* at 52, 444 A.2d at 663.

In construing a contract to determine if it is ambiguous under Pennsylvania law, the court looks to the four corners of the document.  *See Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F. 3d 294, 300 (3d Cir. 2002).  Thus, as CPB asserts, the complete copy of the contract alleged to have been breached will at some point have to be provided by Plaintiff.[2]  However, we agree with Plaintiff that its present pleading is sufficient.[3]

---

[2] As mentioned, Plaintiff represents that the contract will be provided to Defendants.

[3] Plaintiff adequately alleges CPB and the other Defendants have breached their Agreements, in that the Agreements provided that AT&T would provide Defendants with telecommunications services in 2003 and it did so, that the Defendants would pay AT&T for those services at a rate as provided by the Agreements and, that the Defendants has failed to pay for the value of those services as agreed upon.

Following consideration of the arguments advanced by both parties and the relevant case law cited by the parties, as well as Plaintiff's representation that it will provide CPB with the information it seeks in Plaintiff's initial disclosures, we conclude that the Plaintiff's complaint is not vague and ambiguous and that Defendant can reasonably be required to frame a responsive pleading.  The Motion for More Definite Statement will therefore be denied.[4]

**AND NOW** this 29th day of **July, 2005, IT IS HEREBY ORDERED THAT:**

1. Defendant CPB's Motion for a More Definite Statement **(Doc. 6)** is DENIED;

2. Defendant CPB is directed  to file a response to Plaintiff's Complaint within **ten (10) days** of the date of this Order.

---

[4] Plaintiff alleges that "Defendants have thus been unjustly enriched in the amount of $90,140.01, and AT&T is entitled to be compensated for the benefit it has conferred on Defendants."  (Doc. 1, ¶ 20.).

In *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989 (3d Cir. 1987), the Court stated that "[u]nder Pennsylvania law, 'the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract.'" *Hershey Foods*, 828 F.2d at 999 *quoting Benefit Trust Life Ins. Co. v. Union Nat. Bank*, 776 F.2d 1174 (3d Cir. 1985)(*quoting Schott v. Westinghouse,* [436 Pa. 279 (1959)]. This remedy is available when the contract is implied in law and not an actual contract. *Hershey*, 828 F.2d at 998 (citations omitted).
    "An action brought on a theory of *quantum meruit* sounds in restitution...and to sustain a claim of unjust enrichment, the claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider."  *Hershey*, 828 F.2d at 999.

3.  Plaintiff is directed to file a return of service of the Summons and Complaint within **ten (10) days** of the date of this Order.

                         **s/ Thomas M. Blewitt**  
                         **THOMAS M. BLEWITT**  
                         **United States Magistrate Judge**

**Dated: July 29, 2005**