IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AT&T CORP., | : | No. 4:CV-05-0424 |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CPB INTERNATIONAL, INC., and | : | |
| JOHN DOES (1-10), | : | |
| Defendants | : | |
| | : | |
| CPB INTERNATIONAL, INC., | : | |
| Third Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DON'T WORRY, INC. and | : | |
| GORDON MELTZER, individually, | : | |
| Third Party Defendants | : | |

## MEMORANDUM AND ORDER

June 22, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 29, 2007, Magistrate Judge Blewitt issued a Report and Recommendation (doc. 81) recommending that this Court deny Third Party Defendants Don't Worry Inc. ("DWI") and Gordon Meltzer's ("Meltzer") motion for summary judgment. (Rec. Doc. 59). Objections to the Report and Recommendation were received on June 15, 2007 from DWI and Meltzer. (Rec. Doc.83). Accordingly, this matter is ripe for our review.

**PROCEDURAL HISTORY**:

This breach of contract and unjust enrichment action was commenced on February 28, 2005 by Plaintiff AT&T Corp. ("AT&T") against Defendants CPB International Inc. ("CPB") and John Does (1-10). (Rec. Doc. 1). The Plaintiff invoked the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a). AT&T and CPB consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and we entered an Order reassigning this case to Magistrate Judge Blewitt for pre-trial and trial purposes. (Rec. Doc. 13).

CPB was served with the complaint on or about May 6, 2005. On May 25, 2005 CPB filed a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e). (Rec. Doc. 6). On July 29, 2005, we issued an Order denying CPB's Motion. (Rec. Doc. 16).[1] On September 2, 2005, CPB filed an answer. (Rec. Doc. 18).

On September 8, 2005, CPB filed a third party complaint against DWI and Meltzer, alleging that CPB had retained DWI and Meltzer to perform consulting

---

[1] Since no service was made by AT&T on the John Doe Defendants, Magistrate Judge Blewitt directed AT&T, through discovery, to try to identify the John Doe Defendants and file a status report with the Court as to their identities and attempts made to serve them. On April 19, 2006, AT&T filed its status report regarding the John Doe Defendants and indicated that all individuals and entities had been named in this case, and AT&T had no reason to believe that it would request an amendment to its pleading to add any unidentified defendants. (Rec. Doc. 37). Magistrate Judge Blewitt notes that to date AT&T has not requested to add any additional defendant in this case, and discovery is now concluded.

services regarding the installation of CPB's telecommunications and computer networks. (Rec. Doc. 19). The third party complaint contains three counts against both DWI and Meltzer, namely breach of implied contract (Count I), negligent misrepresentation (Count II), and negligence (Count III). After being served, DWI and Meltzer jointly filed a Motion to Dismiss the third party complaint. (Rec. Doc. 25). On March 21, 2006, Magisrate Judge Blewitt issued a Memorandum and Order denying DWI and Meltzer's motion to dismiss.

On March 31, 2006, DWI and Meltzer filed an answer and affirmative defenses to the third party complaint. (Rec. Doc. 35). On May 22, 2006, DWI and Meltzer indicated that they did not concur in the jurisdiction of Magistrate Judge Blewitt to handle all phases of the case, and requested a District Judge to handle the trial of the case. (Rec. Doc. 45). We entered an Order on May 24, 2006, re-assigning the case to Magistrate Judge Blewitt for pre-trial purposes only.

Following the close of discovery, DWI and Meltzer filed a Motion for Summary Judgment. (Rec. Doc. 59). On May 29, 2007, Magistrate Judge Blewitt issued the instant Report and Recommendation (doc. 81), recommending that the Motion be denied in its entirety. Objections have been filed by DWI and Meltzer. This matter is therefore ripe for our review.

**FACTUAL BACKGROUND**:

The following brief factual background is a summary of the facts which Magistrate Judge Blewitt found to be undisputed. <u>See</u> Rec. Doc. 81 at pp. 8-9.

In or about December, 2002 CPB engaged DWI and Meltzer for consulting services related to preparing, setting up and installing CPB's telecommunications and computer networks. DWI is a New York corporation that specializes in computer networking and installation, computer security and forensic computer analysis. Meltzer is an employee and corporate officer of DWI. CPB retained DWI to re-install their computer network after CPB's move to a new location in Bartonsville, Pennsylvania.

Meltzer, through another individual named Jim McGurran ("McGurran"), furnished a written quote to CPB's Controller on December 12, 2002 for the installation of 29 voice and data lines, hardware and labor associated with the installation of telecommunications and computer networking at CPB's new Bartonsville facility. At no time did Meltzer, McGurran or DWI furnish a written contract on DWI letterhead for CPB's review or approval. At all times prior to payment, the only form of communication between Meltzer and CPB was through Meltzer's personal email account and signature.

Mark Paradise ("Paradise"), the President of CPB, was responsible for obtaining an internet connection line which would enable the computer e-mail

system to function in the Bartonsville location. When DWI arrived at CPB's office to install CPB's computer system, Paradise advised Meltzer that he had failed to have the internet connection line installed in a timely manner for the move. He also stated that it was an absolute necessity to have CPB's computer internet connection operational immediately, since CPB would be out of business without it.

A temporary internet connection line provided by AT & T was "hooked up." It is alleged that Meltzer represented to Paradise that the rate for the line was $.051 per minute, however the rate was actually $.845 per minute. All billings and contacts for the AT&T temporary internet connection line were to be handled directly by CPB. All billings incurred by virtue of the temporary line provided by AT&T were sent to CPB. Neither DWI nor Meltzer had any further dealings or contacts with CPB or AT&T regarding the temporary internet line until CPB requested that DWI contact AT&T in March 2003 regarding the rate at which CPB was being charged by AT&T. DWI received no benefit from the phone line installation and did not receive copies of any AT&T bills until after the commencement of this ligation.

After Meltzer completed the telecommunications work, he invoiced CPB on February 21, 2003 for the amount of $2,725. The invoice included Meltzer's time

in establishing the temporary internet connection ". . . through a single analog dialup TOTS line to a Simlab.net point of presence near Netcong, NJ. . ." None of DWI's invoiced included a disclaimer that it bore no responsibility for this work.

In March, 2003 CPB received an invoice from AT&T indicating charges on five additional phone lines at an average rate of $.84 per minute instead of $.051 per minute. After failed attempts to obtain an adjustment, this suit resulted. Thereafter, CPB instituted this action against DWI and Meltzer, alleging that they are responsible for the bills.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark,

749 F.2d 5, 7 (3d Cir. 1984).

**DISCUSSION**:

DWI and Meltzer interpose two substantive objections to the Report and Recommendation. We shall discuss each in turn.

### 1. Individual Liability Claims against Meltzer

DWI and Meltzer agree with Magistrate Judge Blewitt's conclusion that CPB did not contend nor did it introduce evidence sufficient to pierce the corporate veil in order to hold Meltzer individually liable for the acts of DWI. However, DWI and Meltzer do object to Magistrate Judge Blewitt's ruling that disputed material facts remain as to whether Meltzer is liable to CPB for misfeasance based on the participation theory.

As correctly noted by DWI and Meltzer in the brief supporting their objections, Pennsylvania recognizes individual liability of corporate officers under the participation theory. See Wicks v. Milzoco Builders, Inc., 470 A.2d 86 (Pa. 1983). Under the participation theory, "[a] corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d Cir. 1978). Further, an officer may be held liable for misfeasance, but not for simple nonfeasance. Bouriez v. Carnegie Mellon

University, 2005 WL 3006831, 822 (W.D.Pa. 2005)(citations omitted).

DWI and Meltzer argue that all of Meltzer's dealings with CPB were not done individually, but were done solely through the corporate entity of DWI. However, we agree with Magistrate Judge Blewitt's ruling that the capacity of Meltzer's dealings with CPB is up for debate. While it may be true that all of the billing was done between CPB and DWI without Meltzer's personal participation, the facts surrounding whether Meltzer was negligent in his communications with AT&T and whether he negligently misrepresented his communications with AT&T to CPB are entirely disputed. Moreover, Meltzer was personally involved in arranging for the long distance telecommunication rate for CPB, and he referenced a $.051 per minute rate in his discussions with Paradisee.

Accordingly, we shall overrule DWI and Meltzer's objections on this point and adopt Magistrate Judge Blewitt's ruling that genuine issues of material fact remain as to whether Meltzer can be held individually liable under the participation theory.

### 2.  Tort Claims against Meltzer and DWI

Magistrate Judge Blewitt recommends that the Court deny DWI and Meltzer's motion for summary judgment on CPB's negligence (Count II) and negligent misrepresentation (Count III) claims. In particular Magistrate Judge

Blewitt ruled that CPB's tort claims are not precluded by the gist of the action doctrine because material factual disputes remain as to whether the "gist" of CPB's tort claims against DWI and Meltzer are in contract or tort. DWI and Meltzer object to this finding by the Magistrate Judge.

It is well-established that "[t]he gist of the action doctrine, recognized under Pennsylvania law, precludes tort claims based on a party's failure to comply with a contract. Interwave Technology, Inc. v. Rockwell Automation, Inc., 2005 WL 3605272, *12 (E.D.Pa. 2005). The gist of the action doctrine bars tort claims (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is totally dependent on the terms of a contract. Id. at *19.

DWI and Meltzer argue that the tort claims asserted against them are dependent on the contract claim and cannot stand apart from the existence of the contractual relationship or the claim for breach of contract. Magistrate Judge Blewitt concludes that the evidence is not clear as to the extent of the business relationship between DWI and CPB, and accordingly cannot find that CPB's tort claims against DWI and Meltzer are essential duplicates of CPB's contract claim.

On that basis, Magistrate Judge Blewitt recommends denial of summary judgment on CPB's tort claims on basis of preclusion by the gist of the action doctrine.

As Magistrate Judge Blewitt highlights, there is a significant factual issue remaining regarding the relationship between CPB and DWI and Meltzer. It is clear that the original scope of the work contractually agreed to by the parties was somewhat expanded when DWI and Meltzer undertook to assist CPB in obtaining the temporary internet phone line. However, as Magistrate Judge Blewitt reasons, and we wholly agree, there is a factual dispute as to whether the installation of the phone line was the subject of a contract between the parties. Given the existence of this factual issue, it is impossible for us to determine whether CPB's tort claims are barred by the gist of the action doctrine. Accordingly, we will overrule DWI and Meltzer's objections on this point and adopt Magistrate Judge Blewitt's recommendation.

**CONCLUSION**:

Therefore, for the foregoing reasons, we shall overrule DWI and Meltzer's objections and adopt Magistrate Judge Blewitt's report and recommendation. Further, we shall deny DWI and Meltzer's Motion for Summary Judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    DWI and Meltzer's objections (doc.83) are OVERRULED.

2. Magistrate Judge Blewitt's Report and Recommendation (doc. 81) is ADOPTED in its entirety.

3. Third Party Defendants DWI and Meltzer's Motion for Summary Judgment (doc. 59) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge
